30 Kan. App.2d 599 (2002)
43 P.3d 887
In the Interest of H.R.B., DOB: 12/05/00, a child under 18 years of age.
No. 87,290.
Court of Appeals of Kansas.
Opinion filed April 12, 2002.
Randy M. Barker, chief of litigation, child support enforcement, Department of Social and Rehabilitation Services, for appellant.
Karen Black, of Salina, for appellee natural mother.
Jason Reed, of Norton, Wasserman, Jones & Kelly, of Salina, for appellee natural father.
Patrick H. Thompson, guardian ad litem, for appellee.
Before JOHNSON, P.J., GERNON and MARQUARDT, JJ.
JOHNSON, J.:
The Department of Social and Rehabilitation Services (SRS) appeals the termination of the parental rights of H.R.B.'s natural father (hereafter "Father"). The action was a "private" *600 child in need of care (CINC) proceeding initiated by H.R.B.'s natural mother (hereafter "Mother"). SRS was not notified of the CINC proceeding and, therefore, did not participate, thus giving rise to a question as to SRS's standing to bring this appeal. SRS wants to generally challenge the concept of a private termination and specifically challenge the sufficiency of the evidence to support a termination in this case. We dismiss the appeal.
H.R.B. was born on December 5, 2000, in Manhattan, Kansas. His parents were never married; his father was in the military, stationed in Kansas. During Mother's pregnancy, Father told Mother he did not want to be involved in any part of the child's life. After being notified of H.R.B.'s birth, Father made good on his pledge to abdicate all parental responsibility; he refused to have any contact with the baby and provided no financial support. Father's intentions were to leave the military and the state of Kansas within 6 months of the child's birth and to remain permanently separated from the child.
Four months after H.R.B.'s birth, Mother filed a petition alleging H.R.B. was a child in need of care with respect to Father and requesting termination of Father's parental rights. The motion alleged that Father did not want to be H.R.B.'s parent; that he had refused all communication with H.R.B.; and that he wanted to be permanently separated from H.R.B., both physically and emotionally. Father voluntarily entered his appearance and waived his rights and privileges under the Soldiers' and Sailors' Civil Relief Act of 1940. 50 U.S.C. § 501 et seq. (1994). Although allegedly providing H.R.B. medical assistance at the time, SRS was not notified of the proceeding.
As required in a CINC proceeding, a guardian ad litem (GAL) was appointed to represent the best interests of H.R.B. At the April 18, 2001, hearing, Mother, Father, and GAL were present and agreed to the termination of Father's rights. Evidence was presented through a proffer, but the district court independently questioned Father. After determining Father's actions were voluntary and that he understood the consequences of a parental termination, the district court granted the petition. The journal entry terminating Father's parental rights was filed May 3, 2001.
*601 On May 30, 2001, SRS filed an entry of appearance in the district court, claiming to be the assignee of Mother's support rights against Father. Contemporaneously, SRS filed a notice of appeal.
Appellees filed a motion to dismiss the appeal, claiming SRS had no standing. This court directed that the standing issue would be considered by the assigned panel and that the parties should brief the issue.
Our initial concern is that the issue of standing was not presented to the district court. SRS did not seek relief from the trial court; it simply filed an entry of appearance and appealed. Normally, issues not raised before the trial court cannot be raised on appeal. Lindsey v. Miami County National Bank, 267 Kan. 685, 690, 984 P.2d 719 (1999). Here, the rationale for such a rule is exemplified by the absence of SRS's factual allegations in the record, e.g., proof that SRS provided medical assistance to H.R.B. was not submitted to the district court. As with many general rules, however, there are exceptions. See Jarboe v. Board of Sedgwick County Comm'rs, 262 Kan. 615, 622-23, 938 P.2d 1293 (1997).
In a K.S.A. Chapter 60 proceeding, we would expect SRS to commence its attack on the termination order in the district court. See, e.g., K.S.A. 60-260(b). However, CINC actions are governed by Chapter 38, and neither the statutes nor our case law make it clear to what extent, if any, the Chapter 60 Code of Civil Procedure applies to CINC proceedings. Further, time is of the essence in cases involving parental rights; children are entitled to the stability of an expedient and final decision on the legal standing of their parents. We believe consideration of the issue is necessary to serve the ends of justice or to prevent denial of fundamental rights. See Jarboe, 262 Kan. at 622.
Whether SRS has standing to appeal involves the interpretation of various statutes; statutory interpretation is a question of law, subject to unlimited appellate review. See In re Guardianship & Conservatorship of Heck, 22 Kan. App.2d 135, Syl. ¶ 1, 913 P.2d 213 (1996).
SRS claims to be a "party in interest" in any action under the Kansas Code for Care of Children, K.S.A. 38-1501 et seq., because all such proceedings are brought in the exercise of the parental *602 power of the State. SRS points to the first section of the code for authority that the best interests of the State are not to be ignored:
"K.S.A. 38-1501 through 38-1593 shall be known as and may be cited as the Kansas code for care of children and shall be liberally construed, to the end that each child within its provisions shall receive the care, custody, guidance, control and discipline, preferably in the child's own home, as will best serve the child's welfare and the best interests of the state. All proceedings, orders, judgments and decrees shall be deemed to have been taken and done in the exercise of the parental power of the state. Proceedings pursuant to this code shall be civil in nature." (Emphasis added.) K.S.A. 38-1501.
SRS asserts the State is per se defined as a "party in interest" by the code:
"As used in this code, unless the context otherwise indicates:
....
"(e) `Interested party' means the state, the petitioner, the child, any parent, any grandparent and any person found to be an interested party pursuant to K.S.A. 38-1541 and amendments thereto." (Emphasis added.) K.S.A. 2001 Supp. 38-1502.
Appellees suggest the statutory references to the "state" in the CINC code mean the district or county attorney, not SRS. The same definition statute to which SRS points contains a definition for "Secretary," which is defined as the Secretary of Social and Rehabilitation Services. K.S.A. 2001 Supp. 38-1502(o). "Secretary" is not, however, listed in the definition of "[i]nterested party." Further, K.S.A. 38-1510 specifically places the CINC code duties on the county or district attorney. K.S.A. 38-1529 defines the respective roles of SRS and the county or district attorney; SRS is to refer the case to the county or district attorney, who makes the determination whether to file a petition. See also K.S.A. 38-1533(a) (the county or district attorney determines upon whom to serve the summons and petition).
In this case, the county or district attorney was not involved because the proceeding was initiated by Mother through her own attorney. Such a "private" CINC proceeding is specifically allowed under K.S.A. 38-1529, which states:
"(b) Any individual may file a petition alleging a child is a child in need of care and the individual may be represented by the individual's own attorney in the presentation of the case."
*603 Our court has determined the CINC statutes permit a proceeding which does not include the county or district attorney or any other representative of the State. In In re C.D.W., 24 Kan. App.2d 456, 460, 946 P.2d 100 (1997), this court held:
"Under the Kansas Code for Care of Children, K.S.A. 38-1501 et seq., both parents may agree that one parent's rights should be terminated if the noncustodial parent has no contact with and fails to support the child. The custodial parent will then have grounds to file a child in need of care petition and seek to terminate the noncustodial parent's rights. Even though the child is being well cared for by the custodial parent, a court may find that the noncustodial parent has abandoned the child and thus find that the child is a child in need of care and proceed to terminate the noncustodial parent's rights. In this way the custodial parent can be assured that the other parent can never try to challenge his or her custody and will never have custody of the child even if the custodial parent dies. Conversely, the noncustodial parent is assured that he or she will never have to provide support for the child, either directly or through reimbursement to SRS under K.S.A. 1996 Supp. 39-709 and K.S.A. 1996 Supp. 39-755. While this result appears directly contrary to the established rule of law that a parent may not simply divest himself or herself of the duty to support his or her child, Kansas statutes are clear that such action is permitted as long as both parents are willing and the court finds it is in the best interests of the child."
Further, the CINC code does not mandate that notice of child in need of care proceedings be given to SRS. K.S.A. 38-1533(a) provides:
"The summons and a copy of the petition shall be served on the child alleged to be a child in need of care by serving the guardian ad litem appointed for the child, the parents or parent having legal custody or who may be ordered to pay child support by the court, the person with whom the child is residing and any other person designated by the county or district attorney. A copy of the petition and notice of hearing shall be mailed by regular mail, to the child's grandparents with whom the child does not reside."
The language of the CINC code does not support SRS's assertion that it is an interested party in every child in need of care proceeding. Generally, SRS will participate as a support agency for the county or district attorney, but SRS is not entitled to independent notice of the proceedings nor entitled to participate as an independent party. In a private proceeding, the State does not need to participate at all. In lieu of collaterally attacking our prior *604 holding in In re C.D.W., SRS should make its policy arguments to the legislature.
SRS further argues that, in this case, its interested party status emanates from the fact that H.R.B. was receiving medical assistance from the State. Although the record does not reflect the payments, appellees have apparently conceded that, when the petition was filed, H.R.B. was receiving such assistance.
Indeed, Mother's application for and receipt of State medical assistance effected, by operation of law, an assignment of her right of support to the Secretary of SRS. K.S.A. 39-709(g). Therefore, SRS argues, K.S.A. 39-754(f) makes the Secretary of SRS a "necessary party" to any proceeding which may affect the support obligation. Because terminating Father's parental rights terminates his obligation to support H.R.B., SRS was a necessary party in the CINC case.
SRS does acknowledge, however, that a condition precedent set forth in 39-754(f) is that SRS shall have filed a notice of assignment of support rights with the court which has ordered support payments. Specifically, that statute reads:
"If the secretary of social and rehabilitation services or the secretary's designee has on file with the court ordering support payments, a notice of assignment of support rights pursuant to subsection (b) or a notice of partial termination of assignment of support rights pursuant to subsection (d), the secretary shall be considered a necessary party in interest concerning any legal action to enforce, modify, settle, satisfy or discharge an assigned support obligation and, as such, shall be given notice by the party filing such action in accordance with the rules of civil procedure." (Emphasis added.) K.S.A. 39-754(f).
SRS contends that without notice of the CINC proceeding, there was no way for SRS to file its notice of assignment in that case. This ignores that SRS has the statutory authority to enforce its assigned support rights.
"In cases where the secretary of social and rehabilitation services is deemed to have an assignment of support rights in accordance with the provisions of K.S.A. 39-709 and amendments thereto, the secretary is authorized to bring a civil action in the name of the state of Kansas or of the obligee whose support rights are assigned to enforce such support rights, establish an order for medical support and, when appropriate or necessary, to establish the parentage of a child. The *605 secretary may also enforce any assigned support order or file a motion to modify any such order." K.S.A. 39-755(a).
If SRS has not filed an action to enforce its assigned support rights or filed a notice of assignment as specified in K.S.A. 39-754(b), then it has not become a necessary party in a termination of parental rights case.
In the proceeding below, SRS was not an interested party or a necessary party. It did not participate in the proceedings, and it has no standing to appeal the district court's order terminating the parental rights of H.R.B.'s father.
Appeal dismissed.