No. 127,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

J.H. and J.C.H.,
*Appellants*,

v.

TFI FAMILY SERVICES, INC., and SECRETARY OF DEPARTMENT FOR CHILDREN AND FAMILIES,
*Appellees*.

SYLLABUS BY THE COURT

1.

Before a court terminates interested party status in a child in need of care (CINC) case, Kansas statutes require that the interested party be provided notice of the potential termination and a hearing before the court so that they may object to such termination.

2.

When a court terminates someone's interested party status in a child in need of care (CINC) case, the aggrieved party may petition the chief judge of the judicial district for review of the decision. The chief judge or the judge's designee must review the decision within 30 days of receiving the petition for review. The aggrieved party may appeal the decision to the Court of Appeals to the extent allowed by K.S.A. 38-2273, but they may not collaterally attack the decision by way of a declaratory judgment action.

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Submitted without oral argument. Opinion filed June 27, 2025. Affirmed.

*John Ivan*, of Law Offices of John Ivan, of Shawnee Mission, for appellant.

*David R. Cooper* and *Crystal B. Moe*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, for appellee TFI Family Services.

*Marc Altenbernt*, Kansas Department for Children and Families, for appellee.

Before HURST, P.J., HILL and ARNOLD-BURGER, JJ.

ARNOLD-BURGER, J.:  Before a court terminates someone's interested party status in a child in need of care (CINC) case, Kansas statutes require that the interested party be provided notice of the potential termination and a hearing before the court so that they may object to such termination. K.S.A. 38-2241(f)(2). This case is about the proper remedy when a court terminates a person's interested party status without affording them their statutory due process. We find that in such circumstances, the aggrieved party may petition the chief judge of the judicial district for review of the decision and may appeal the decision to the Court of Appeals to the extent allowed by K.S.A. 38-2273, but they may not collaterally attack the decision by way of a declaratory judgment action. Because the interested parties in this case did not seek review of the denial of their interested party status through the Chief Judge in the Fourth Judicial District, nor did they appeal the district court's decision in the CINC case, the district court had no jurisdiction to rule on their chosen avenue of appeal, a declaratory judgment action. We, therefore, affirm the district court's order dismissing this case.

FACTUAL AND PROCEDURAL HISTORY

We begin our recitation of the facts with a disclaimer. The record provided to us does not include any information from the motions and hearings of the CINC case. Any factual determinations made are solely from the filings in this case, which are sparse. It is the appellant's responsibility to provide a record on appeal to support all of their legal points. So we only include the facts necessary for us to conduct a meaningful review of

2

the case, and we gather most of them from the filings of the parties, not actual source material.

J.H. and J.C.H. are the grandparents of C.M., and the step-grandparents of W.H. In July 2021, these two children were removed from their parents' care for reasons not stated in the record on appeal. After removal, Grandparents had sought to be a kinship placement option for the children, but the children were placed with a foster parent instead. We do not know if there was a formal order naming Grandparents as interested parties, or whether it named just Grandmother. There is no order in the record. But under K.S.A. 38-2241(c), grandparents "shall" be interested parties. And, there was clearly a recognition that they were, otherwise there would be no need for the court to order termination of said status. And finally, the Kansas Department for Children and Families (DCF) does not challenge Grandparents' interested party status on appeal.

In August 2022, the CINC court entered a finding of unfitness and terminated the parental rights of the children's parents. TFI Family Services, Inc. (TFI), and the Secretary of the Department for Children and Families then recommended the foster parent adopt the children—not Grandparents.

Grandmother attempted to attend a posttermination hearing in September 2022—but a clerk of the court prevented her from entering the courtroom. The clerk also informed Grandmother that her interested party status in the children's CINC cases was being terminated during this hearing. According to Grandmother, she never received any notice that the CINC court would consider terminating her interested party status. And the Appellees present nothing to contradict those statements. True to the court clerk's word, the CINC court did terminate Grandmother's interested party status during this September 2022 hearing.

A year later in September 2023, Grandparents filed an application for temporary restraining order or injunction and a petition for declaratory judgment and injunctive relief in the district court's civil division. In these pleadings, Grandparents alleged various instances of wrongdoing by TFI and DCF relating to the placement of the children with a foster parent instead of with Grandparents. Grandparents also asserted that the CINC court violated their procedural and substantive due process rights by terminating their interested party status without notice or an evidentiary hearing. Grandparents sought, among other requested relief, a declaratory judgment finding a violation of their procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution and the Kansas Constitution Bill of Rights, an injunction compelling TFI and DCF to restore their rights as interested parties in both CINC cases, and a stay on any adoption proceedings pending resolution of Grandparents' claims.

The district court held a hearing on Grandparents' pleadings, and expressed concern that it did not have subject matter jurisdiction to hear these matters because they should have been brought under the children's CINC cases and not in an independent civil action. Thus, the district court denied Grandparents' motions, finding a lack of subject matter jurisdiction.

Grandparents then filed a motion to set aside the district court's dismissal for lack of subject matter jurisdiction, which the district court denied without hearing arguments from retained counsel. Grandparents now timely appeal.

ANALYSIS

The Kansas Legislature has very clearly set out in the child in need of care code, who is an interested party in a CINC proceeding. Grandparents are statutorily required to be recognized as interested parties. K.S.A. 38-2241(c). The district court terminated Grandparents' interested party status in the CINC case without notice and a hearing as

4

required by K.S.A. 38-2241(f)(2). After termination of their status, Grandparents hired an attorney who was originally denied the ability to file an entry of appearance in the children's CINC cases because Grandparents were no longer interested parties with rights to participate in the proceedings. Because of this lack of access to the CINC cases, Grandparents contend on appeal that the only manner of redress for the violation of their procedural due process rights was to file this action in the district court's civil division.

On the other hand, DCF and TFI argue that Grandparents' claims constitute an improper collateral attack on the district court's decision in the CINC case, and thus the district court correctly found that it did not have subject matter jurisdiction to consider the matter.

> "A collateral attack is '[a]n attack on a judgment in a proceeding other than a direct appeal.' Collateral attacks on judgments of our courts of general jurisdiction (such as the district court) are generally precluded unless permitted by statute. Although res judicata principles apply only to parties and those in privity with them, the collateral attack doctrine applies to both parties and nonparties. [Citations omitted.]" *In re Parentage of W.L. and G.L.*, 63 Kan. App. 2d 533, 544, 532 P.3d 447 (2023).

And Kansas courts have held that "a judgment by a court having jurisdiction of the parties and the subject matter is final and conclusive unless it is later modified on appeal or by later legislation, and such a judgment cannot legally be collaterally attacked." 63 Kan. App. 2d at 544 (citing *Jones v. Jones*, 215 Kan. 102, 112-13, 523 P.2d 743 [1974]).

DCF stresses that Grandparents' action constituted an improper collateral attack on orders entered by the district court in the CINC case because Grandparents were attempting to overturn a decision of a court of competent jurisdiction outside of a direct appeal. Specifically, Grandparents sought declaratory and injunctive relief with the district court, including reinstating them as interested parties and placing a stay on any adoption proceedings pending resolution of Grandparents' claims. These requests fall

squarely within the orders entered by the district court in the CINC case. Thus, the district court did not err in finding that Grandparents' claims "needed to have been brought up in the child in need of care cases, not through this civil action."

Grandparents attempt to support their argument that they could bring a separate civil action by pointing to K.S.A. 2024 Supp. 60-260—outlining procedure for obtaining relief from a judgment or order. Specifically, Grandparents argue that K.S.A. 2024 Supp. 60-260(d)(1) does not limit the district court's jurisdiction over an independent action to relieve a party from a judgment or order involving lack of notice or fraud on the court. But in at least one case from a panel of this court and in a concurring opinion in another, this court has found that K.S.A. 60-260 does not apply to CINC matters falling under chapter 38. See *In re H.R.B.*, 30 Kan. App. 2d 599, 601, 43 P.3d 887 (2002). As the concurring opinion explored in *In re J.A.*, No. 125,516, 2023 WL 3775096, at *21-22 (Kan. App. 2023) (unpublished opinion) (Atcheson, J., concurring):

> "[A] persuasive argument can be made that K.S.A. 60-260, as part of article 2 of the Code of Civil Procedure governing Chapter 60 actions, does not apply to child in need of care actions brought under Chapter 38. Two published opinions of this court have split on the issue. In *Cosgrove v. Kansas Dept. of S.R.S.*, 14 Kan. App. 2d 217, 222, 786 P.2d 636 (1990), the court concluded without explanation that K.S.A. 60-260(b)(6) applies in a termination of parental rights proceeding and affirmed the denial of the parent's motion for relief. But in *In re H.R.B.*, 30 Kan. App. 2d 599, 601, 43 P.3d 887 (2002), another panel strongly suggested the Code of Civil Procedure generally and K.S.A. 60-260 in particular do not apply in Chapter 38 actions. The court, however, did not mention, let alone discuss, *Cosgrove*. The dichotomy between the two decisions apparently has gone without further judicial comment in the past 20 years.

> "On balance, *In re H.R.B.* stakes out the stronger legal position. Nothing in the Code of Civil Procedure expressly states it should apply to actions brought through the Revised Kansas Code for Care of Children. Under K.S.A. 2022 Supp. 60-201(b), the

6

rules of civil procedure, meaning article 2 as a distinct subpart of the Code of Civil Procedure, apply to 'civil actions' in the district court. In turn, the phrase 'civil actions' seems to be confined to those filed under Chapter 60. See K.S.A. 2022 Supp. 60-202. And the Legislature knows how to explicitly incorporate the rules of civil procedure or the broader Code of Civil Procedure into other statutory schemes. . . .

"The Legislature has not done so with the Revised Kansas Code for Care of Children. The Revised Code does expressly incorporate the rules of evidence (article 4) of the Code of Civil Procedure. K.S.A. 38-2249(a). The Revised Code also provides for the consolidation of certain child support actions with child in need of care proceedings, as permitted under the Code of Civil Procedure. K.S.A. 38-2279(h). But the Revised Code does not otherwise adopt the rules of civil procedure, the Code of Civil Procedure, or K.S.A. 60-260."

Yet, another panel of this court recently cited to K.S.A. 2023 Supp. 60-260 favorably in the context of a CINC case—instructing the district court to investigate whether there was any "fraud on the court" under K.S.A. 2023 Supp. 60-260(d)(3). *In re Adoption of E.A.*, No. 125,994, 2024 WL 1476802, at *11 (Kan. App. 2024) (unpublished opinion), *aff'd* 319 Kan. 748, 560 P.3d 1149 (2024). The Kansas Supreme Court affirmed the panel's decision overall, but stated:

"Finally, we address the adoption panel's concerns 'about the events surrounding the filing of the [adoption] petition' by grandmother and her husband that led it to ask the district court on remand 'to make further inquiry on whether there was a fraud committed here.' *In re Adoption of E.A.*, 2024 WL 1476802, at *11. We share those concerns, but rather than direct such an inquiry as the panel's language suggests, we leave it to the district court's sound discretion as the proceedings continue." *In re Parentage of E.A.*, 319 Kan. 748, 761, 560 P.3d 1149 (2024).

Thus, the Kansas Supreme Court has not clearly weighed in on this split among panels as to whether K.S.A. 2024 Supp. 60-260 applies to CINC cases falling under chapter 38. We favor the interpretation by the panel in *In re H.R.B.*, 30 Kan. App. 2d at

7

601. Regardless, Grandparents' argument on this issue amounts to one sentence under their "Conclusion" section. And issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

Lastly, Grandparents point to *Williams v. Kirtdoll*, No. 105,729, 2011 WL 6311110, at *3 (Kan. App. 2011) (unpublished opinion)—where another panel of this court held that a district court erred by concluding that a father could not bring a separate action under the Kansas Parentage Act because the CINC case had exclusive jurisdiction over the parentage issue. Because this case is neither binding on this panel nor factually or procedurally similar to Grandparents' claims regarding termination of their interested party status, Grandparents' reliance on *Kirtdoll* is unpersuasive.

It is deeply concerning that the CINC court terminated Grandparents' interested party status without notice and a hearing as required by K.S.A. 38-2241(f)(2). Yet Grandparents' contention that a collateral attack was the *only* avenue "to argue or eliminate the injustices they and the children have suffered" is simply not accurate. The very same statute lays out the prescribed process for contesting a court's termination of interested party status:

> "A person who is denied interested party status or whose status as an interested party has been terminated *may petition for review of the denial or termination by the chief judge of the district in which the court having jurisdiction over the child in need of care proceeding is located, or a judge designated by the chief judge.*" (Emphasis added.) K.S.A. 38-2241(f)(3).

Grandparents never filed such a petition for review with the chief judge of the district court following the termination of their interested party status. Nor is there any indication in the record that they attempted to appeal the district court's order to this court. Instead, Grandparents waited a full year and then filed this separate civil action in the district court in September 2023. This was an improper collateral attack on orders

8

entered by the district court in the CINC case. Thus, the district court did not err in determining that Grandparents' claims for collateral declaratory relief were barred.

Because we are affirming the dismissal of this case, we need not address TFI's argument that it is not a proper party.

Affirmed.

* * *

HURST, J., concurring:  I concur with the judgment of this opinion in affirming the district court.

9